UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
MARCELINO QUIROZ CASTILLO,

Plaintiff,

-against-

J. COFFEY CONTRACTING INC., et al.,

Defendants.
---------------------------------------------------------- X

**ORDER**
19 CV 5845 (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On October 16, 2019, plaintiff Marcelino Quiroz Castillo filed this action against J. Coffey Contracting Inc. ("J. Coffey"), John Coffey, and Connor Coffey (collectively, "defendants"), seeking to recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law, Art. 6 § 190 et seq., Art. 19 § 650 et seq., and the supporting New York State Department of Labor regulations (collectively, "NYLL"). (See ECF No. 1). On March 31, 2021, plaintiffs[1] filed a motion indicating that they had reached a settlement of the action and requesting that the Court approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). (See ECF No. 32). After resolving issues regarding defendants' refusal to consummate the settlement, which was reached through court-supervised mediation (see ECF Nos. 34-35), the Court approved the settlement as fair and reasonable in an Order dated June 23, 2021.[2] (See ECF No. 36).

Thereafter, plaintiffs filed a motion on October 13, 2021, asserting that defendants had failed to comply with the monthly payment schedule that the parties had agreed to and asking the

[1] The settlement included opt-in plaintiff John Kenneally. (See ECF No. 38).
[2] On February 16, 2021, the parties consented to this Court's jurisdiction. (See ECF Nos. 28-29).

Court to enforce the Agreement and enter judgment in favor of plaintiffs. (See ECF No. 39). On October 20, 2021, this Court entered an Order, finding that plaintiffs were entitled to a judgment in the amount of $120,000, plus post-judgment interest, and directing plaintiffs to submit any motion for attorney's fees and costs reasonably incurred in enforcing the judgment by November 22, 2021. (Order[3] at 4). Currently pending before this Court is plaintiffs' application for attorney's fees expended in the enforcement of the judgment. (Mot.;[4] Aff.[5]).

DISCUSSION

On November 16, 2021, plaintiffs filed a request for attorney's fees in the amount of $2,455.00, representing time reasonably spent in the enforcement of this Court's Order and judgment. (See Mot.).

Plaintiffs seek to recover an award of "all attorney's fees and costs" they incurred in enforcing a judgment entered pursuant to the applicable provisions of the FLSA and the NYLL. (See id. at 1); see 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Courts in this Circuit determine the "presumptively reasonable fee" by "multiplying the number of hours reasonably expended" on litigation by an hourly rate that a reasonable, paying client would be willing to pay. Jemine v. Dennis, 901 F. Supp. 2d 365, 391-92 (E.D.N.Y. 2012) (internal quotations omitted) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009); Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07 CV 319, 2010 WL 2539771, at *1 (E.D.N.Y. Mar. 15, 2010). In order to reach this number, "courts look to the 'rates prevailing in the community for similar services of lawyers of reasonably comparable skill,

[3] Citations to "Order" refer to this Court's October 20, 2021 Order, ECF No. 40.
[4] Citations to "Mot." refer to plaintiffs' letter motion for attorney's fees, filed Nov. 16, 2021, ECF No. 42.
[5] Citations to "Aff." refer to the Affirmation of Roman Avshalumov, Esq., in support of plaintiffs' motion for attorney's fees, filed Nov. 16, 2021, ECF No. 42-1. The Affirmation includes the billing records as the last page of the document.

experience, and reputation.'" Jemine v. Dennis, 901 F. Supp. 2d at 392 (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994)).

In accordance with the requirements set out in New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983), plaintiffs' counsel, Roman Avshalumov, Esq., has submitted time records showing the tasks performed in enforcing the judgment, along with the corresponding fee rates of the two lawyers who performed the tasks. (See Aff. at 4). Specifically, Mr. Avshalumov indicates that he is the senior managing attorney at Helen F. Dalton & Associates, P.C., with over 14 years of experience in litigating wage and hour cases in New York and New Jersey. (Aff. ¶ 5). He states that he currently bills at the rate of $425 per hour and that he expended approximately 4.6 hours on the enforcement phase of this matter. (Id.) Thus, in total, plaintiffs are seeking $1,955 for his time. (Id.) He further represents that his associate, James P. O'Donnell, Esq., currently bills at the rate of $250 per hour and that he spent 2 hours of time working on the enforcement phase of the litigation. (Id. ¶ 6). In total, plaintiffs are seeking $500 for Mr. O'Donnell's time. (Id.)

Analysis of cases in the Eastern District of New York reveal that the requested hourly rates for the attorneys are well within the reasonable range for attorneys of this experience in this district. See, e.g., Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020) (noting that "Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates," and collecting cases); Smart v. City of New York, No. 15 CV 1405, 2017 WL 933080, at *3 (E.D.N.Y. Feb. 17, 2017) (noting that "[i]n recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases," and

granting $400 rate for solo practitioner); Gutman v. Klein, No. 03 CV 1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009) (holding that rates of $300 to $400 per hour for partners and $200 to $300 per hour for senior associates and $150 to $200 per hour for junior associates were reasonable); see Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (finding that the range between $250 and $450 is generally an appropriate fee" and approving rate of $425 for supervising attorney and $275 for associate).

Counsel for plaintiff represents that a total of 6.6 hours of billable time was spent on the enforcement phase of this case. (Aff. ¶¶ 5-6). To determine the reasonableness of an attorney's fees request, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., 2012 WL 1669341, at *13 (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). In this Circuit, a Court is required to "use its experience with the case, as well as its experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (alterations omitted) (quoting Fox Indus., Inc. v. Gurovich, No. 03 CV 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)).

Having become familiar with this case and with the work performed by plaintiffs' counsel in trying to collect on behalf of their clients, the Court finds that the number of hours incurred, and the rates charged, are reasonable.

Accordingly, the Court grants plaintiffs' request for attorney's fees in the amount of $2,455 and ORDERS the Clerk of Court to enter judgment in the full amount of $122,455.00,

constituting $120,000 as previously Ordered by this Court, in addition to the requested attorney's fees of $2,455 awarded herein. (See Order).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: March 1, 2022
Brooklyn, New York

Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York